IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DANIEL STRATMAN,<br><br>    Defendant. | 4:13-CR-3075<br><br>ORDER |

  This matter is before the Court on the defendant's Objection to Presentence Report and Statement of Position (filing 38). Specifically, the defendant has advanced two related arguments to which the Court would like the government's response.

  First, the defendant objects that the loss calculation and restitution amount stated in the Revised Presentence Investigation Report are unsubstantiated, and asserts that he would be entitled to discovery, and the opportunity to present expert testimony, should the government intend to present additional evidence at sentencing to substantiate the victim's losses. Filing 38 at 5. In that regard, the Court observes that a defendant must be allowed, at sentencing, "to comment on the probation officer's determinations and other matters relating to an appropriate sentence." Fed. R. Crim. P. 32(i)(1)(C). Similarly, when a factor important to a sentencing determination is reasonably in dispute, the parties are to have "an adequate opportunity to present information to the court regarding that factor." U.S.S.G. § 6A1.3(a).

  Based on those provisions, courts have concluded that parties must have sufficient notice of the specific facts on which a court intends to rely at sentencing so that they may contest the issue. *United States v. Jackson*, 32 F.3d 1101, 1105 (7th Cir. 1994). Simply put, the defendant has the right to know what evidence will be used against him at the sentencing hearing. *Jackson*, 32 F.3d at 1105; *see also*, *United States v. Christman*, 509 F.3d 299, 306-07 (6th Cir. 2007); *United States v. Curran*, 926 F.2d 59, 61 (1st Cir. 1991). The defendant "must be afforded the opportunity to review the evidence assembled against him for sentencing purposes and to prepare a meaningful response." *United States v. Nappi*, 243 F.3d 758, 765 (3d Cir. 2001); *see also*, *United States v. Warr*, 530 F.3d 1152, 1162-63 (9th Cir. 2008); *Jackson*, 32 F.3d at 1108. "Sound practice dictates that judges in all cases should make sure that the information provided to the parties in advance of the hearing, and in the hearing itself, has given them an adequate

opportunity to confront and debate the relevant issues." *Irizarry v. United States*, 553 U.S. 708, 715 (2008).

As a result, the Court is attentive to the defendant's argument that he may be entitled to discovery on any additional evidence that the government may intend to present at sentencing. But the Court is unable to fully evaluate that argument without knowing the government's position.

The defendant also contends that the Court should decline to award restitution based on 18 U.S.C. § 3663A(c)(3)(B), which provides in relevant part that a district court may decline to award mandatory restitution if it finds that "determining complex issues of fact related to the cause or amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process." Filing 38 at 5. The Eighth Circuit has explained that "a burdensome, complicated, or speculative calculation provides a good reason for the district court to decline to exercise its discretion[,]" because § 3663A(c)(3)(B) "reflects Congress's intent that sentencing courts not become embroiled in intricate issues of proof, and that the process of determining an appropriate order of restitution be streamlined."[1] *United States v. Martinez*, 690 F.3d 1083, 1089 (8th Cir. 2012). But again, the Court is not in a position to fully evaluate the defendant's argument without knowing the government's position. Accordingly,

IT IS ORDERED:

1. The government shall respond to the defendant's objection to the presentence report, on or before February 21, 2014, stating its position on the issues identified in this order.

2. The Court's tentative sentencing findings shall be filed on or before February 25, 2014.

Dated this 11th day of February, 2014.

BY THE COURT:

John M. Gerrard
United States District Judge

---

[1] In that regard, the Court notes that as an alternative to restitution at sentencing, civil damages may be available to any victim pursuant to 18 U.S.C. § 1030(g).