IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:13-CR-3075 |
| vs. | |
| DANIEL STRATMAN, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the second revised presentence investigation report in this case. Objections to the presentence investigation report have been filed by the government (filing 60) and the defendant (filing 38). The defendant has filed a motion for downward departure/variance (filing 37).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The government has filed an objection to the presentence report (filing 60) that is directed at the Court's previous findings on loss calculation (filing 59). The government argues that the Court erred in its loss calculation and that the presentence report is, therefore, inaccurate to the extent that it relies on the Court's findings. *See* filing 60. The Court views the government's objection as primarily intended to reassert and preserve the government's argument as to loss, and will overrule the objection for the reasons stated in its previous order. *See* filing 59.

3. The defendant has also objected to the presentence report in several respects. Filing 38. The Court will address them specifically.

    (a)    To the extent that the defendant objected to the loss calculation and restitution amount contained in a previous version of the presentence report, filing 38 at 2-5, the objection will be overruled as moot: the Court comprehensively addressed those issues in its previous order. *See* filing 59.

    (b)    The defendant objects to language in a previous version of the presentence report that, according to the defendant, implies an incorrect sequence of events. Filing 38 at 1. That language has been corrected in the current presentence report, so the defendant's objection in that regard will be overruled as moot.

    (c)    The defendant objects to the presentence report's description of the offense conduct as "compromising the stored Personally Identifiable Information (PII) of an estimated 654,000 students and alumni associated with the university." Filing 38 at 2. The defendant argues that "[b]eyond the security breach itself," the defendant did not "compromise" the information. Filing 38 at 2. The Court takes the defendant's point: beyond looking at a few records, there is nothing to suggest that the defendant, for instance, examined the information in detail or made it publicly available. But the defendant did "compromise" the information in the sense that it was placed *potentially* at risk. So, the Court will

- 2 -

        overrule the defendant's objection on this point, but will consider his characterization of the offense at sentencing.

   (d)   The defendant objects to a two-level increase in the offense level based on the finding that "the offense involved an intent to obtain personal information." *See* U.S.S.G. § 2B1.1(b)(17)(A).[1] "Personal information" means "sensitive or private information involving an identifiable individual (including such information in the possession of a third party), including (A) medical records; (B) wills; (C) diaries; (D) private correspondence, including e-mail; (E) financial records; (F) photographs of a sensitive or private nature; or (G) similar information." § 2B1.1 cmt. n.1. The defendant argues that the information he downloaded did not include any "personal information." Filing 38 at 4.

        The Court disagrees. The defendant intentionally accessed the educational records of other students, as the evidence from the Court's previous evidentiary hearing clearly establishes. *See*, Exhibit 3; Exhibit 4; Exhibit 27 at 4. The list of "personal information" listed in § 2B1.1 cmt. n.1 is nonexclusive, and the Court has little difficulty in concluding that the kind of educational information accessed by the defendant is "sensitive" or "private." It is, in fact, generally protected from disclosure by federal law. *See*, 20 U.S.C. § 1232g(b)(1); 34 C.F.R. § 99.30; *see also United States v. Miami Univ.*, 91 F. Supp. 2d 1132, 1145-46 (S.D. Ohio 2000). The Court's tentative finding is that the two-level increase provided by § 2B1.1(b)(17)(A) is warranted, and the defendant's objection to the contrary is overruled.

4.   The defendant has also filed a motion for departure/variance (filing 37) seeking a departure pursuant to U.S.S.G. § 5K2.0 on the grounds that the defendant's conduct is outside the "heartland" of typical cases, and a variance based on 18 U.S.C. § 3553(a). *See generally United States v. Never Misses A Shot*, 715 F.3d 1048, 1052 (8th Cir. 2013). Specifically, the defendant argues that his conduct was not significantly harmful to the targeted computer systems, that after he was caught he offered to assist the victims in mitigating any harm, and that he has provided

---

[1] At the time of the offense, this enhancement was codified as U.S.S.G. § 2B1.1(b)(16)(A), but there was no substantive difference. *Compare* U.S. Sentencing Guidelines Manual § 2B1.1(b)(16)(A) (2011) *with* U.S. Sentencing Guidelines Manual § 2B1.1(b)(17)(A) (2013). The Court cites to the current version for simplicity's sake.

information that assisted the victims in identifying and fixing the flaws in their security. Filing 37 at 1-2. The Court will resolve this motion at sentencing.

5. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

6. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

7. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

8. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 21st day of July, 2014.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge