## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

**UNITED STATES OF AMERICA**

    **Plaintiff,**

   **vs.**

**DANIEL STRATMAN**

    **Defendant.**

**CASE NUMBER: 4:13CR3075-001**

**USM Number: 25218-047**


**ROBERT B. CREAGER**
**DEFENDANT'S ATTORNEY**

### JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

**THE DEFENDANT** pleaded guilty to count I of the Indictment on 12/03/2013.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense:

| Title, Section & Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|
| 18:1030(a)(5)(A) and (c)(4)(B) FRAUD AND RELATED ACTIVITY IN CONNECTION WITH COMPUTERS | May 23, 2012 | I |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts II through XII of the Indictment are dismissed on the motion of the United States.

Following the imposition of sentence, the Court advised the defendant of the right to appeal pursuant to the provisions of Fed. R. Crim. P. 32 and the provisions of 18 U.S.C. § 3742 (a) and that such Notice of Appeal must be filed with the Clerk of this Court within fourteen (14) days of this date pursuant to Fed. R. App. P. 4.

The defendant shall cooperate in the collection of DNA, pursuant to Public Law 108-405 (Revised DNA Collection Requirements under the Justice for All Act of 2004).

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:
July 24, 2014

s/ John M. Gerrard
United States District Judge

July 24, 2014

Defendant: DANIEL STRATMAN                                                    Page 2 of 7
Case Number: 4:13CR3075-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **6 months, said term to be designated at  CH, Inc. in Council Bluffs, Iowa.**

The Court makes the following recommendations to the Bureau of Prisons:

1.  This sentence is designed to allow Mr. Stratman the ability to continue working at Egis Technologies in Omaha, Nebraska, during the period of incarceration.  In the event that the Defendant is not able to work or maintain his employment at Egis Technologies during his time at CH, the defendant shall perform 40 hours of community service per month while there.

2.  Defendant should be given credit for time served.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons  before 1:00 P.M. on August 20, 2014, as notified by the United States Marshal.

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of a copy of this judgment this _____ day of _____, 20___.

_____
Signature of Defendant

## RETURN

It is hereby acknowledged that the defendant was delivered on the ___ day of _____, 20_____  to _____, with a certified copy of this judgment.

_____
UNITED STATES WARDEN

BY: _____

**NOTE:  The following certificate must also be completed if the defendant has not signed the Acknowledgment of Receipt, above.**

## CERTIFICATE

It is hereby certified that a copy of this judgment was served upon the defendant this _____ day of _____, 20_____.

_____
UNITED STATES WARDEN

BY: _____

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1.     The defendant shall not leave the judicial district without the permission of the court or probation officer;
2.     The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3.     The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4.     The defendant shall support his or her dependents and meet other family responsibilities;
5.     The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6.     The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7.     The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8.     The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9.     The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10.    The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11.    The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12.   The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13.   As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# SPECIAL CONDITIONS OF SUPERVISION

1.   The defendant shall cooperate in the collection of DNA as directed by the probation officer, pursuant to 28 C.F.R. § 28.12, the DNA Fingerprint Act of 2005, and the Adam Walsh Child Protection and Safety Act of 2006, if such sample was not collected during imprisonment.

2.   The defendant shall complete 75 hours of community service as approved and directed by the probation officer.  The defendant shall be responsible for providing the probation officer with written proof of the number of hours completed.

3.   The defendant shall attend, successfully complete, and pay for any mental health diagnostic evaluations and treatment or counseling programs as directed by the probation officer.

4.   The defendant shall pay restitution in the amount of  $107,722.58 to the Clerk of the U.S. District Court, 111 S. 18th Plaza, Suite 1152, Omaha, Nebraska 68102-1322. Restitution shall be paid in accordance with the schedule set forth in the "Schedule of Payments" set forth in this judgment.  The defendant shall be responsible for providing proof of payment to the probation officer as directed.

| Victim's Name | Amount |
| --- | --- |
| UNL | $107,722.58 |
| Attn: Denise Goin | |

Without limiting the foregoing, and following release from prison, the defendant shall make payments to satisfy the criminal monetary penalty in the following manner: (a) monthly installments of $100 or 3% of the defendant's gross income, whichever is greater; (b) the first payment shall commence 30 days following the defendant's discharge from incarceration, and continue until the criminal monetary penalty is paid in full; and (c) the defendant shall be responsible for providing proof of payment to the probation officer as directed.

5.   The defendant is prohibited from incurring new credit charges or opening additional lines of credit without prior written approval of the probation officer.

6.   The defendant shall provide the probation officer with access to any requested financial information.

7.   The defendant shall attend, successfully complete, and pay for an approved cognitive-behavioral based program as directed by the probation officer.

8.      The requirement of 18 U.S.C. § 3583(d) regarding drug testing within fifteen (15) days of
        release on supervised release and at least two (2) periodic drug tests thereafter, is
        suspended until further order of the Court because the Presentence Investigation Report
        on the defendant and other reliable sentencing information indicates a low risk of future
        substance abuse by the defendant.

9.      The defendant shall provide the U.S. Probation Officer with truthful and complete
        information regarding all computer hardware, software, electronic services, and data
        storage media to which the defendant has access.

10.     The defendant shall cooperate with the U.S. Probation Office's Computer Monitoring
        Program. Except for the defendant's employment obligation at Egis Technologies, his
        cooperation shall include, but not be limited to, identifying computer systems, Internet
        capable devices, and/or similar electronic devices the defendant has access to, and
        allowing the installation of monitoring software/hardware on said devices.  The
        defendant and/or the U.S. Probation Officer shall inform all parties that access a
        monitored computer, or similar electronic device, that the device is subject to monitoring.
        The defendant may be limited to possessing only one personal Internet capable device,
        to facilitate the probation officer's ability to effectively monitor his/her Internet related
        activities, including, but not limited to, email correspondence, Internet usage history, and
        chat conversations. The defendant shall not remove, tamper with, reverse engineer, or in
        any way circumvent installed software.  The defendant shall also permit random
        examinations of said computer systems, Internet capable devices, and similar electronic
        devices, and related computer peripherals, such as CD's and other media, under his/her
        control.  The defendant shall pay the costs of monitoring.

11.     The defendant shall consent to third party disclosure to any employer, or potential
        employer, concerning any computer-related restrictions that are imposed upon him/her
        unless excused by the U. S. Probation Officer.

12.     The defendant shall submit his/her person, residence, property, office, vehicle, papers,
        computer, other electronic communication or data storage devices or media, and effects
        to a search conducted by a U.S. Probation Officer at any time; failure to submit to a
        search may be grounds for revocation; the defendant shall warn any other residents that
        the premises and any shared devices may be subject to searches pursuant to this
        condition.

13.     Except for the necessities of the defendant's employment at Egis Technologies, the
        defendant shall not use or have installed any programs specifically and solely designed
        to encrypt data, files, folders, or volumes on any media.  Also, the defendant shall not
        install or use any program for the purpose of "wiping," deleting or cleaning any media
        device.

14.     The defendant shall report to the Supervision Unit of the U.S. Probation Office for the
        District of Nebraska between the hours of 8:00 a.m. and 4:30 p.m., 111 South 18th
        Plaza, Suite C79, Omaha, Nebraska, (402) 661-7555, within seventy-two (72) hours of
        being placed on probation or release from confinement and, thereafter, as directed by
        the probation officer.

15.     The defendant shall be monitored by Radio Frequency (RF) Monitoring for a period of **6
        months** and shall abide by all technology requirements. The participant shall pay the

costs of participation in the location monitoring program as directed by the court and the probation officer.  This form of location monitoring technology shall be utilized to monitor the following restriction on the defendant's movement in the community as well as other court-imposed conditions of release:

You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the officer (Home Detention).

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00  (PAID) | | $107,722.58 (PAID) |

## FINE

No fine imposed.

## RESTITUTION

Restitution in the amount of $107,722.58 hereby ordered.  The defendant shall make restitution to the following payees in the amounts listed below.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| UNL<br>Attn: Denise Goin<br>327 East Nebraska Hall<br>901 North 17th Street<br>Lincoln, NE  68588-0521 | 107,722.58 | 107,722.58 | |
| **Totals** | $107,722.58 | $107,722.58 | |

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18,United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

## SCHEDULE OF PAYMENTS

The defendant shall pay the special assessment in the amount of $100.00. **(PAID)**

The criminal monetary penalty is due in full on the date of the judgment.  The defendant is obligated to pay said sum immediately if he or she has the capacity to do so.  The United States of America may institute civil collection proceedings at any time to satisfy all or any portion of the criminal monetary penalty.

Without limiting the foregoing, and during the defendant's term of incarceration, the defendant shall participate in the Bureau of Prisons' Financial Inmate Responsibility Program.  Using such Program, the defendant shall pay 50% of the available inmate institutional funds per quarter towards the criminal monetary penalty.

Without limiting the foregoing, and following release from prison, the defendant shall make payments to satisfy the criminal monetary penalty in the following manner: (a) monthly installments of $100 or 3% of the defendant's gross income, whichever is greater; (b) the first payment shall commence 30 days following the defendant's discharge from incarceration, and continue until the criminal monetary penalty is paid in full; and (c) the defendant shall be responsible for providing proof of payment to the probation officer as directed.

Any payments made on the outstanding criminal monetary penalty shall be applied in the following order of priority: special assessment; restitution; fine; and other penalties.  Unless otherwise specifically ordered, all criminal monetary penalty payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, shall be made to the clerk of the Court.  Unless otherwise specifically ordered, interest shall not accrue on the criminal monetary penalty.

All financial penalty payments are to be made to the Clerk of the U. S. District Court, 111 S. 18th Plaza, Suite 1152, Omaha, NE 68102-1322 or Clerk of the U. S. District Court, 100 Centennial Mall North, 593 Federal Building, Lincoln, NE 68508.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

The defendant shall inform the probation officer of any change in his or her economic circumstances affecting the ability to make monthly installments, or increase the monthly payment amount, as ordered by the court.

The defendant is restrained from transferring any real or personal property, unless it is necessary to liquidate and apply the proceeds of such property as full or partial payment of the criminal monetary penalty.

CLERK'S OFFICE USE ONLY:
ECF DOCUMENT
I hereby attest and certify this is a printed copy of a
document which was electronically filed with the
United States District Court for the District of Nebraska.
Date Filed:_____
DENISE M.  LUCKS, CLERK

By _____Deputy Clerk